PENOR v. CITY OF GLENS FALLS.

(Supreme Court, Appellate Division, Third Department. May 20, 1910.)

1. MUNICIPAL CORPORATIONS (§ 821*)—SIDEWALKS—DEFECTS—JURY QUESTIONS.

In an action against a city for injuries by slipping and falling while attempting to step over a ridge of snow which had packed in the center of the sidewalk, whether defendant was negligent in not having the snow removed *held* for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1745–1757; Dec. Dig. § 821.*]

2. MUNICIPAL CORPORATIONS (§ 821*)—SIDEWALKS—DEFECTS—JURY QUESTION.

In an action against a city for injuries by slipping and falling while attempting to step over a ridge of snow which became packed in the center of the sidewalk, whether the existence of the ridge caused plaintiff to fall *held* a jury question.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1745–1757; Dec. Dig. § 821.*]

3. MUNICIPAL CORPORATIONS (§ 821*)—SIDEWALKS—DEFECTS—JURY QUESTION.

In an action against a city for injuries by slipping and falling while attempting to step over a ridge of snow which had become packed in the center of the sidewalk, whether plaintiff exercised proper care in attempting to cross the ridge *held* a jury question.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1745–1757; Dec. Dig. § 821.*]

Smith, P. J., and Houghton, J., dissenting.

---
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Warren County.

Action by Celia Penor against the City of Glens Falls. From a judgment of nonsuit, plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Francis L. Ganley (Fred A. Bratt, of counsel), for appellant.

Henry W. Williams, for respondent.

COCHRANE, J. Plaintiff brings this action to recover damages for injuries sustained from a fall on one of the sidewalks of the defendant city. At the corner of South and West streets in said city is a school building. On January 4, 1908, there was a snow storm of considerable magnitude. For about two days thereafter the snow was not removed from the sidewalk on either South or West street adjoining the school building. In the meantime pedestrians walking over the sidewalk packed the snow into a ridge approximately in the center of the sidewalk and along its entire length on both streets adjacent to the school building. These two ridges intersected at right angles at the corner of the streets. They were four or five inches high in the center, and sloped gradually from their crown. At the particular place where plaintiff fell the flag sidewalk sloped four inches in four feet toward the curb, making the place even more dangerous. This condition remained practically unchanged for 17 days, and until January 21st, when plaintiff fell and was injured. There is evidence that the sidewalks in the city generally were free from snow on January 21st. Witnesses testified that they had slipped at this particular locality, and had avoided it by taking other streets. The situation thus presented was one not due to climatic conditions, or such as was general throughout the city, and was one which might easily have been obviated by the exercise of reasonable care. Evidently those in charge of this public building did not exercise the same degree of care in respect to the sidewalks in front thereof as was exercised by the owners of private buildings generally throughout the city, and the city authorities were remiss in permitting such a condition to continue for so long a time.

Plaintiff was walking on South street, beside the ridge and nearer to the school building, because she says it was safer there, and, reaching the intersection of the ridges at the street corner, was obliged to cross one of them. Her testimony is as follows:

"I tried to go over it. I had one foot over it, and I was stepping over very carefully, and I slipped and fell. I had one foot over the ridge. I was stepping over it, attempting to bring the other foot over it. Q. You stepped over the ridge to the other side? A. On the side of the ridge. I was stepping over. I was on the side of the ridge. I was right on the lower side of it. Q. You stepped on the ridge? A. To the lower side of the ridge. * * * My right foot slipped as I was stepping over. I think my right foot was over the ridge, and when I rested down on the right foot it slipped. I was bringing my left foot over, resting on the right foot with the left foot in the air, and my right foot gave way."

It thus clearly appears that plaintiff fell in an effort to avoid the ridge. It is not a fair inference from her testimony that she slipped

and fell after she had passed the ridge. She did not step on the crest of it, but attempted to step over it, and in doing so fell. The evidence presented a case for the consideration of the jury as to whether the defendant was negligent in not having caused the removal of this ridge, and whether the existence of the ridge caused plaintiff to fall, and whether she exercised proper care in endeavoring to cross the same. It was, therefore, error to grant a nonsuit.

The judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except SMITH, P. J., and HOUGHTON, J., who dissent.